James P. Krauzlis
CASEY & BARNETT, LLC
305 Broadway, Ste 1202
New York, New York 10007
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FEDERAL INSURANCE CO. a/s/o Elco Limited, Inc.,

                               Plaintiff,         **21 cv**

    - against –

                                       **COMPLAINT**

SF EXPRESS CORPORATION, TOTAL QUALITY
LOGISTICS LLC and MUKOMA FAMILY LLC,

                               Defendants.

-------------------------------------------------------------------x


       Plaintiff, FEDERAL INSURANCE CO. a/s/o Elco Limited, Inc., by and through its

attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as

follows:

## JURISDICTION

      1.     This is a claim for cargo damage and/or loss to a shipment being transported by

road in interstate commerce. All and singular the following premises are true and constitutes a

claim affecting Interstate Commerce within the meaning of 28 U.S.C. §1337 as Plaintiff seeks

damages for loss to freight shipped in interstate commerce under the Carmack Amendment to the

Interstate Commerce Act, 49 U.S.C. §14706, et seq. Jurisdiction over Defendant is predicated upon

28 U.S.C. § 1331 and 28 U.S.C. § 1337.

**PARTIES**

2.      At all material times, FEDERAL INSURANCE CO. (hereinafter "FIC" or "Plaintiff") was and is a domestic corporation with its principal place of business located at 15 Mountainview Road, Warren, New Jersey 07059 and was and is the subrogated cargo underwriter for Elco Limited, Inc., in connection with a consignment of face masks, more fully described below..

3.      At all material times, Defendant, SF EXPRESS CORPORATION, (hereinafter "SF" or "Defendant") was and is a corporation or other business entity with an office and place of business located at 230-39 Rockaway Blvd., Building B, Rosedale, NY 11413, and 230-39 INTERNATIONAL AIRPORT CENTER BLVD.,SPRINGFIELD GARDENS, NY 11413, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as an indirect common carrier of goods by air, a freight consolidator and a common carrier of goods over the road for hire.

4.      At all material times, Defendant, TOTAL QUALITY LOGISTICS LLC, (hereinafter "TQL" or "Defendant") was and is a corporation or other business entity with an office and place of business located at 640 South Front Street, Columbus, Oh 43215, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a logistics provider and a common carrier of goods over the road for hire.

5.      At all material times, Defendant, MUKOMA FAMILY LLC, (hereinafter "MFL" or "Defendant") was and is a corporation or other business entity with an office and place of business located at 3319 Grand Avenue, Louisville, KY 40211, and at all relevant times, was and

is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods over the road for hire.

6.        Prior to the commencement of this action, Plaintiff became subrogated to all rights of the owners of a consignment of 1,025 cartons of face masks, as more fully described hereinafter, and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said cargo, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**<u>FACTS</u>**

7.        On or before May 8, 2020, Plaintiff's assured, Elco Limited, Inc., purchased a total of five hundred (500) cartons of Non-Woven 3-Ply Disposable Non-Surgical Face Masks, from CHEMFINE INTERNATIONAL CO., LTD. of Wuxi, China, covered by Invoice No. CFI207065 dated May 8, 2020.

8.        On or before May 9, 2020, Plaintiff's assured, Elco Limited, Inc., purchased a total of five hundred and twenty-five  (525) cartons of Non-Woven 3-Ply Disposable Non-Surgical Face Masks, from CHEMFINE INTERNATIONAL CO., LTD. of Wuxi, China, covered by Invoice No. CFI207066 dated May 9, 2020.

9.        Thereafter, Elco Limited, Inc., contracted with Defendant SF to arrange for the transportation of the two consignments of face masks, both the 500 cartons under Invoice CFI207065 and the 525 cartons under Invoice CFI207066, from China to the distribution warehouse of Elco Limited, Inc., located at a Federal Express facility at  7279 Washington Ave S, Edina, MN.  Defendant SF thereupon issued two house air waybills covering the carriage of the two consignments by air, HAWB No. SF1089035717412 covering the consignment of 525 cartons and HAWB SF1089035717403 covering the consignment of 500 cartons.

10.     The transportation of the two consignment by Defendant SF was all arranged in consideration of an agreed upon freight, covering the air carriage from China to New York, New York.

11.     Thereafter, the two consignments of face masks arrived at JFK International Airport in New York, New York, on May 14, 2020, on flight 555, in good order and condition whereupon Defendant SF took delivery of the 1,025 cartons of face masks from the airport, said shipments being in good order, condition and quantity, and brought the two consignment to the consolidation warehouse of Defendant SF to arrange for the on-carriage of the shipments to the ultimate destination at the Federal Express facility located at 7279 Washington Ave S, Edina, MN.

12.     On or about May 15, 2020, Defendant SF palletized the 1,025 cartons at their consolidation warehouse in New York, allegedly placing a total of 780 cartons on 26 pallets for one truck load and allegedly placing a total of 245 cartons on 11 pallets for the second truck load, for an alleged total of 1,025 cartons on 37 pallets, to be then carried by an interstate motor carrier for hire from New York to Edina, MN.

13.     Defendant SF subcontracted with Defendant MFL to carry the two palletized truck loads from SF premises in New York to the ultimate destination in Edina, MN, as an interstate motor common carrier for hire.

14.     Thereafter, Defendant TQL also issued their own bill of lading covering the on-carriage of the 1,025 cartons from SF premises in New York to the ultimate destination in Edina, MN, issued apparently after Defendant SF had already palletized the two consignments as aforesaid on or about May 15, 2020.

15.     Thereafter, the two truckloads were carried by Defendant MFL, as well as pursuant to the bills of lading issued by Defendants SF and TQL, and delivered to the Federal Express

facility at 7279 Washington Ave S, Edina, MN, on or about May 18, 2020, at which time the FedEx, acting as the receiver, took exceptions as to the total quantity delivered, noting the consignment that was to contain a total of 11 pallets containing 245 cartons was received with only nine (9) pallets delivered, for a shortage of 29 cartons of face masks.  Defendants SF, TQL and MFL reportedly could not locate the two missing pallets, and FedEx verified the two pallets were never delivered to their facility by the Defendants.

16.     As a result of the loss, pilferage and shortage of the subject consignment as aforesaid, the total damages caused to Plaintiff's assured, Elco Limited, Inc., was determined to be no less than $22,069.00.

17.     The loss and shortage to the subject consignments were not the result of any act or omission on the part of the Plaintiff or its assured, Elco Limited, Inc., but, to the contrary, was due solely to the negligence, fault, breach of bailment and breach of contract of carriage on the part of the Defendants SF, MFL and TQL, as well as said Defendants being liable as interstate motor common carriers pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, et seq.

18.     At all times relevant hereto, a contract of insurance for property damage was in effect between FIC and its assured, Elco Limited, Inc., which provided coverage for, among other things, cargo loss or damage caused during Interstate motor carriage of the consignment.

19.     Pursuant to the aforementioned contract of insurance between FIC and its assured, Elco Limited, Inc., monies were expended on behalf of its assured, Elco Limited, Inc., to the detriment of FIC due to the shortage, pilferage, and loss to the subject consignments while in the care, custody and control of the Defendants SF, MFL and TQL.

20.     As FIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the Defendants SF, MFL and TQL, FIC has an equitable right of subrogation and indemnification and is subrogated, to the extent of its expenditures, to the rights of its insureds with respect to any and all claims for damages and/or indemnification against the Defendants SF, MFL and TQL.

21.     By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

**<u>FIRST CAUSE OF ACTION - BREACH OF CONTRACT AGAINST SF</u>**

22.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

27.     Pursuant to the contracts entered into between the parties, Defendant SF owed a contractual and statutory duty to the Plaintiff's assured, Elco Limited, Inc., to carry, bail, care for, protect, store, and deliver the subject two consignments in the same good order, condition, and quantity as when Defendant SF first accepted custody and control of the goods in New York.

28.     Defendant SF breached its contractual and statutory duties by failing to properly carry, bail, care for, protect, store, and deliver Elco Limited, Inc's, two consignments in the same good order, condition, and quantity as when Defendant SF first accepted custody and control of the goods in New York.

29.     As a direct and proximate result of said breach of contract by Defendant SF, the Plaintiff's assured, Elco Limited, Inc., has suffered damages in the amount presently estimated to be no less than $22,069.00.

30.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

## SECOND CAUSE OF ACTION -  CARMACK AMENDMENT LIABILITY AGAINST SF

31.     The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

32.     On or about May 14, 20201, Defendant SF received the two subject consignments good order, condition, and quantity and took no exceptions upon receipt of said two consignments by Defendant SF in acting as an interstate motor common carrier hired to carry the subject two consignments from New York, New York, to Edina, MN, as aforesaid, and the two consignments at the time of receipt by Defendant SF were received in good order, condition, and quantity in New York, New York.

33.     On or about May 18, 20201, the two consignments arrived at the premises of Federal Express, Elco Limited, Inc., distribution warehouse in Edina, MN, at which time it was noted the two consignments were delivered with a shortage and loss by reason of the Defendant SF failing to failing to properly carry, bail, care for, protect, store, and deliver during the course of their care, custody and control and/or during the interstate motor carriage from New York, New York, to Edina, MN by Defendant SF.

34.     As a direct and proximate result of the foregoing Defendant SF is liable as a Carmack Amendment motor carrier which has caused Plaintiff's assured, Elco Limited, Inc., to suffer damages and an actual loss in the amount presently estimated to be no less than $22,069.00.

35.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00 which constitutes a claim against Defendant SF pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, et seq.

### THIRD CAUSE OF ACTION - BREACH OF BAILMENT AGAINST SF

36.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

37.     Pursuant to their obligations as bailees for hire of Elco Limited, Inc.'s two consignments, Defendant SF owed a duty as bailee bail, keep, care for, protect and deliver the two subject consignments to Elco Limited, Inc., when demanded of Defendant SF and to tender the two consignment5s in the same good order, condition and quantity as when Defendant SF first accepted custody and control of the goods in New York, New York.

38.     Defendant SF breached its duties and obligations as a bailee for hire by failing to properly bail, keep, care for, protect and deliver the two consignments to Elco Limited,  Inc., when delivery of same was demanded, in the same good order, condition and quantity as when Defendant SF first accepted custody and control of the goods.

39.     As a direct and proximate result of the breach of bailment by Defendant SF, the Plaintiff's assured, Elco Limited, Inc., suffered damages and an actual loss in the amount presently estimated to be no less than $22,069.00.

40.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more

specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

## FOURTH CAUSE OF ACTION - NEGLIGENCE AGAINST SF

41.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

42.     Defendant SF owed a duty of care to the two subject consignments to properly carry, bail, keep, care for, protect and deliver the two consignments to Elco Limited, Inc., in the same good order, condition and quantity as at the time Defendant SF first accepted care, custody, and control of the goods in New York, New York.

43.     Defendant SF breached its duty of care and was negligent in its duty to carry, bail, keep, care for, protect, and deliver the two subject consignments in the same good order, condition and quantity as at the time Defendant SF first accepted custody and control of the goods in New York, New York.

44.     As a direct and proximate result of the negligence of the Defendant SF and their agents and/or employees, Elco Limited, Inc., has suffered damages and an actual loss in the approximate amount of $22,069.00.

45.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

## FIFTH CAUSE OF ACTION - BREACH OF CONTRACT AGAINST TQL

46.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

47.     Pursuant to the contracts entered into between the parties, Defendant TQL owed a contractual and statutory duty to the Plaintiff's assured, Elco Limited, Inc., to carry, bail, care for, protect, store, and deliver the subject two consignments in the same good order, condition and quantity as when Defendant TQL first accepted custody and control of the goods in New York.

48.     Defendant TQL breached its contractual and statutory duties by failing to properly carry, bail, care for, protect, store, and deliver Elco Limited, Inc's, two consignments in the same good order, condition, and quantity as when Defendant TQL first accepted custody and control of the goods in New York.

49.     As a direct and proximate result of said breach of contract by Defendant TQL, the Plaintiff's assured, Elco Limited, Inc., has suffered damages in the amount presently estimated to be no less than $22,069.00.

50.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

**SIXTH CAUSE OF ACTION -  CARMACK AMENDMENT LIABILITY AGAINST TQL**

51.     The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

52.     On or about May 14, 20201, Defendant TQL received the two subject consignments good order, condition and quantity and took no exceptions upon receipt of said two consignments by Defendant TQL in acting as an interstate motor common carrier hired to carry the subject two consignments from New York, New York, to Edina, MN, as aforesaid, and the two consignments

at the time of receipt by Defendant TQL were received in good order, condition, and quantity in New York, New York.

53.     On or about May 18, 20201, the two consignments arrived at the premises of Federal Express, Elco Limited, Inc., distribution warehouse in Edina, MN, at which time it was noted the two consignments were delivered with a shortage and loss by reason of the Defendant TQL failing to failing to properly carry, bail, care for, protect, store, and deliver during the course of their care, custody and control and/or during the interstate motor carriage from New York, New York, to Edina, MN by Defendant TQL.

54.     As a direct and proximate result of the foregoing Defendant TQL is liable as a Carmack Amendment motor carrier which has caused Plaintiff's assured, Elco Limited, Inc., to suffer damages and an actual loss in the amount presently estimated to be no less than $22,069.00.

55.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00 which constitutes a claim against Defendant TQL pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, et seq.

**SEVENTH CAUSE OF ACTION - BREACH OF BAILMENT AGAINST TQL**

56.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

57.     Pursuant to their obligations as bailees for hire of Elco Limited, Inc.'s two consignments, Defendant TQL owed a duty as bailee bail, keep, care for, protect and deliver the two subject consignments to Elco Limited, Inc., when demanded of Defendant TQL and to tender

the two consignment5s in the same good order, condition and quantity as when Defendant TQL first accepted custody and control of the goods in New York, New York.

58.     Defendant TQL breached its duties and obligations as a bailee for hire by failing to properly bail, keep, care for, protect and deliver the two consignments to Elco Limited,  Inc., when delivery of same was demanded, in the same good order, condition and quantity as when Defendant TQL first accepted custody and control of the goods.

59.     As a direct and proximate result of the breach of bailment by Defendant TQL, the Plaintiff's assured, Elco Limited, Inc., suffered damages and an actual loss in the amount presently estimated to be no less than $22,069.00.

60.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

## EIGHTH CAUSE OF ACTION - NEGLIGENCE AGAINST TQL

61.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

62.     Defendant TQL owed a duty of care to the two subject consignments to properly carry, bail, keep, care for, protect and deliver the two consignments to Elco Limited, Inc., in the same good order, condition and quantity as at the time Defendant TQL first accepted care, custody, and control of the goods in New York, New York.

63.     Defendant TQL breached its duty of care and was negligent in its duty to carry, bail, keep, care for, protect, and deliver the two subject consignments in the same good order,

condition, and quantity as at the time Defendant TQL first accepted custody and control of the goods in New York, New York.

64.     As a direct and proximate result of the negligence of the Defendant TQL and their agents and/or employees, Elco Limited, Inc., has suffered damages and an actual loss in the approximate amount of $22,069.00.

65.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

## NINTH CAUSE OF ACTION - BREACH OF CONTRACT AGAINST MFL

66.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

67.     Pursuant to the contracts entered into between the parties, Defendant MFL owed a contractual and statutory duty to the Plaintiff's assured, Elco Limited, Inc., to carry, bail, care for, protect, store, and deliver the subject two consignments in the same good order, condition and quantity as when Defendant MFL first accepted custody and control of the goods in New York.

68.     Defendant MFL breached its contractual and statutory duties by failing to properly carry, bail, care for, protect, store, and deliver Elco Limited, Inc's, two consignments in the same good order, condition, and quantity as when Defendant MFL first accepted custody and control of the goods in New York.

69.     As a direct and proximate result of said breach of contract by Defendant MFL, the Plaintiff's assured, Elco Limited, Inc., has suffered damages in the amount presently estimated to be no less than $22,069.00.

70.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

**TENTH CAUSE OF ACTION -  CARMACK LIABILITY AGAINST MFL**

71.     The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

72.     On or about May 14, 20201, Defendant MFL received the two subject consignments good order, condition and quantity and took no exceptions upon receipt of said two consignments by Defendant MFL in acting as an interstate motor common carrier hired to carry the subject two consignments from New York, New York, to Edina, MN, as aforesaid, and the two consignments at the time of receipt by Defendant MFL were received in good order, condition, and quantity in New York, New York.

73.     On or about May 18, 20201, the two consignments arrived at the premises of Federal Express, Elco Limited, Inc., distribution warehouse in Edina, MN, at which time it was noted the two consignments were delivered with a shortage and loss by reason of the Defendant MFL failing to failing to properly carry, bail, care for, protect, store, and deliver during the course of their care, custody and control and/or during the interstate motor carriage from New York, New York, to Edina, MN by Defendant MFL.

74.     As a direct and proximate result of the foregoing Defendant MFL is liable as a Carmack Amendment motor carrier which has caused Plaintiff's assured, Elco Limited, Inc., to suffer damages and an actual loss in the amount presently estimated to be no less than $22,069.00.

75.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00 which constitutes a claim against Defendant MFL pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, et seq.

### ELEVENTH CAUSE OF ACTION - BREACH OF BAILMENT AGAINST MFL

76.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

77.     Pursuant to their obligations as bailees for hire of Elco Limited, Inc.'s two consignments, Defendant MFL owed a duty as bailee bail, keep, care for, protect and deliver the two subject consignments to Elco Limited, Inc., when demanded of Defendant MFL and to tender the two consignments in the same good order, condition and quantity as when Defendant MFL first accepted custody and control of the goods in New York, New York.

78.     Defendant MFL breached its duties and obligations as a bailee for hire by failing to properly bail, keep, care for, protect and deliver the two consignments to Elco Limited, Inc., when delivery of same was demanded, in the same good order, condition and quantity as when Defendant MFL first accepted custody and control of the goods.

79.     As a direct and proximate result of the breach of bailment by Defendant MFL, the Plaintiff's assured, Elco Limited, Inc., suffered damages and an actual loss in the amount presently estimated to be no less than $22,069.00.

80.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more

specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

## TWELFTH CAUSE OF ACTION - NEGLIGENCE AGAINST MFL

81.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

82.     Defendant MFL owed a duty of care to the two subject consignments to properly carry, bail, keep, care for, protect and deliver the two consignments to Elco Limited, Inc., in the same good order, condition and quantity as at the time Defendant MFL first accepted care, custody, and control of the goods in New York, New York.

83.     Defendant MFL breached its duty of care and was negligent in its duty to carry, bail, keep, care for, protect, and deliver the two subject consignments in the same good order, condition, and quantity as at the time Defendant MFL first accepted custody and control of the goods in New York, New York.

84.     As a direct and proximate result of the negligence of the Defendant MFL and their agents and/or employees, Elco Limited, Inc., has suffered damages and an actual loss in the approximate amount of $22,069.00.

85.     By reason of the foregoing, the Plaintiff, as the subrogated cargo underwriter for the two consignments hereinbefore described, has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,069.00.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of Plaintiff's damages in the amount of at least $22,069.00, together with interest, costs and the disbursements of this action; and

3.    That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
          June 24, 2021
          115-1621

                                        **CASEY & BARNETT, LLC**
                                        Attorneys for Plaintiff

                        By: _____
                                        James P. Krauzlis
                                        305 Broadway, Ste 1202
                                        New York, New York 10007
                                        (212) 286-0225