```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
FEDERAL INSURANCE CO., et al.,       :
                                     :
            Plaintiffs,              :
                                     :       21-cv-5539 (JSR)
       -v-                           :
                                     :       ORDER
                                     :
SF EXPRESS, et al.,                  :
                                     :
            Defendants.              :
-------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

The Court is in receipt of the attached letter, sent by Defendant Total Quality Logistics (TQL), which was properly submitted under Rule 2(c) of the Court's Individual Rules because pro se Defendant Mukoma Family LLC did not make a representative available within 24 hours for a joint call to Chambers.

The Court hereby grants TQL leave to file the motion to dismiss the complaint, as set forth in the attached letter. Briefing and argument on this motion shall proceed on the following schedule:

- Motion due by September 1, 2021;
- Opposition due by September 15, 2021;
- Reply due by September 22, 2021;
- Telephonic oral argument will be held on September 29, 2021 at 3:00 p.m., using connection information that will be posted to the docket in due course.

SO ORDERED

Dated:   New York, NY
         August 18, 2021

_____
JED S. RAKOFF, U.S.D.J.

1

**PARKER POHL** LLP

99 Park Avenue  
Suite 1510  
New York, NY 10016

T 212-202-8886  
F 646-924-3100  
parkerpohl.com

M. Todd Parker  
todd.parker@parkerpohl.com

August 18, 2021

**Via Email (RakoffNYSDChambers@nysd.uscourts.gov)**

Hon. Jed S. Rakoff  
United States Courthouse  
500 Pearl Street, Room 1340  
New York, NY 10007

    Re:    *Federal Insurance Co, et al. v. SF Express, et al.*, Case No. 21 Civ. 5539 (JSR)

Dear Judge Rakoff:

My firm represents Defendant Total Quality Logistics ("TQL"). We write pursuant to Rule 2(b) and (c) of the Court's Individual Rules of Practice regarding TQL's anticipated motion to dismiss.

This action was commenced on June 24, 2021, TQL returned a waiver of service of summons on July 22, 2021, and TQL's deadline to Answer per the ECF docket is September 20, 2021. (ECF No. 6) On August 13, 2021, I emailed Plaintiff's counsel, Defendant SF Express's counsel, and the principal of Defendant Mukoma Family LLC (which to my knowledge is not yet represented by counsel) to request the joint call required by Rule 2(b). Plaintiff's counsel responded, as did SF Express's counsel, but I did not receive a response from Mukoma. On August 17, 2021, I again requested that all parties advise of their availability for a joint call. Having received no response about the call from Mukoma to that email either, I am writing pursuant to Rule 2(c) to briefly describe TQL's motion to dismiss.[1]

Plaintiff's claims arise solely from an alleged failure to deliver the correct number of face masks ordered by Plaintiff's assured, Elco Limited, Inc. (Compl. ¶¶ 7-16) The primary reason the Complaint

---

[1] We believe this letter is required because, while Mukoma is a co-Defendant, it is nevertheless affected by TQL's anticipated motion to dismiss because Mukoma has contractually indemnified TQL for losses of the nature alleged here. Mukoma (*pro se* at this point) may or may not assert a defense to the indemnity.

PARKER POHL LLP

fails to state a claim against TQL is that TQL operates as a transportation broker only, not a motor carrier. The Carmack Amendment preempts state law claims for cargo damage. *See* 49 U.S.C. § 14501(c)(1) ("a State . . . may not enact or enforce a law, regulation or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property."); *see also Brunner v. Beltmann Grp. Inc.*, 2020 WL 635905, *5 (N.D. Ill. 2020) (Courts of Appeals are "unanimous . . . that the Carmack Amendment is the "exclusive cause of action for interstate-shipping contract [and tort] claims alleging loss or damage to property";  all Circuits to address the issue have "dismissed state and common law claims for breach of contract, conversion and every other action for loss of or injury to a shipment of goods.")

Moreover, courts have routinely held that, under the Carmack Amendment, "a *carrier* is liable for damages incurred during a shipment of goods, whereas a *broker* – someone who merely arranges for transportation – is not liable." *Tryg Ins. v. C.H. Robinson, Worldwide, Inc.*, 767 F. App'x 284, 285 (3d Cir. 2019); *see also Olympus Dairy USA Corp. v. Pavil Assocs., Inc.*, 2013 WL 6493482, *2 (E.D.N.Y. 2013) ("The 'Carmack amendment imposes liability on "carriers" [and freight forwarders] but not on "brokers.""); *Nipponkoa Ins. Co., Ltd. v. C.H. Robinson Worldwide, Inc.*, 2011 WL 671747, *3 (S.D.N.Y. 2011) (same). Through publicly available information of which the Court may take judicial notice and evidence that the Court may consider on a Rule 12(b) motion to dismiss, TQL will show that its status and role is always as a transportation broker only, just as it was here.

The Complaint must also be dismissed for failure to state a claim against TQL because it fails to allege a single act or omission by TQL in connection with the alleged delivery failure.

                                                                                       Respectfully submitted,
                                                                                       /s/ M. Todd Parker

cc:      All Counsel and Mukoma Family LLC's principal (via email)